**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**5:21-cv-00135-MR**

**COREY D. GREENE,** )
)
**Plaintiff,** )
)
**vs.** )
)
) **ORDER**
)
**J. DYE, et al.,** )
)
**Defendants.** )
______________________________ )

**THIS MATTER** is before the Court on Plaintiff's motion for temporary restraining order, [Doc. 3], and Plaintiff's amended motion for temporary restraining order, [Doc. 4].

Pro se Plaintiff Corey D. Greene ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On September 7, 2021, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, asserting claims under the First and Fourteenth Amendments against Defendants J. Dye, identified as the interim Warden at Alexander; FNU Walker, identified as the mailroom supervisor; FNU Ellison, identified as an officer working in the mailroom; and FNU Duncan, identified as the Deputy Warden in charge of supervision and

discipline of correctional staff at Alexander. [Doc. 1 at 1-2]. Plaintiff sues Defendants in their individual and official capacities. [Id. at 2]. Plaintiff alleges that he ordered a book called "101 Things I Learned in Law School" for "upcoming litigation."[1] [Id. at 2]. After presumably not receiving the book, Plaintiff wrote the mailroom to ask about it. [Id. at 2]. The mailroom advised Plaintiff that the book had been disapproved, which Plaintiff claims was contrary to North Carolina Department of Public Safety (NCDPS) policy. [Id.]. Plaintiff wrote the mailroom staff and the "Administrator/Warden" about the disapproval. [Id.]. Thereafter, Plaintiff received a disapproval form from the mailroom, but was not given a means to appeal. [Id.]. On August 26, 2021, Plaintiff noted his disagreement with the decision on the disapproval form. At the time he filed this action, Plaintiff had received no response to his makeshift appeal. [Id.]. Plaintiff acknowledges that he did not engage the grievance process before filing this action. [Id.].

Plaintiff claims that Defendants violated his First Amendment rights by denying him access to the courts and through censorship and violated his Fourteenth Amendment due process rights by denying Plaintiff the ability to appeal the disapproval of his book. [Id. at 4]. Plaintiff seeks to proceed in

[1] Plaintiff has another matter pending in this Court brought pursuant to 42 U.S.C. § 1983. [Civil Case No. 1:19-cv-00224-MR, Greene v. Lassiter, et al.]. Defendants' motion for summary judgment in that case is currently pending before the Court. [Id., Doc. 69].

forma pauperis.[2] [See Doc. 2].

For relief, Plaintiff seeks declaratory relief, injunctive relief "to stop defendants from destroying this property or other upcoming books bought and/or sending the book out," and compensatory and punitive damages. [Doc. 1 at 5].

With his Complaint in this matter, Plaintiff filed a motion for a temporary restraining order (TRO) seeking immediate relief, which the Court addresses here.[3] [Doc. 4]. As grounds for a TRO, Plaintiff states that he ordered a "legal book that indicates instruction on legal theory & practice" and that he is being "arbitrarily denied the publication." [Id. at 1]. Plaintiff states that NCDPS policy "allows hardback publications larger than 8 ½ x 11 and more than 2 inches thick but officials at [Alexander] are maliciously denying Plaintiff's Publication." [Id. at 1-2]. Plaintiff also contends that "they deny appeal beyond the people who are doing the disapproving." [Id. at 2]. Plaintiff states that, when an inmate receives disapproved property, the options are either to have the item sent home or for the item to be destroyed. Plaintiff contends that he will suffer irreparable injury without an injunction

[2] The Court will conduct initial review of Plaintiff's Complaint once Plaintiff is either allowed to proceed without the prepayment of fees or pays the filing fee in this matter.

[3] The Court will deny Plaintiff's original motion for TRO, [Doc. 3], as moot and will consider Plaintiff's amended motion, [Doc. 4], here.

because he "will be forced to destroy the property because he has no means to mailout the book." [See id.]. Plaintiff also claims that this book is "unique – possibly giving Plaintiff an eye to surmount issues at trial." [Id.]. It is not clear from Plaintiff's TRO motion what relief he seeks. [See Doc. 4]. From a proposed order Plaintiff submitted with his TRO motion, Plaintiff asks the Court to order Defendants to show cause why they should not be enjoined from "arbitrarily ban[ning] publications," [Doc. 3-2 at 1], and, pending determination of this matter, to immediately enjoin Defendants to "stop any process of sending publications out arbitrarily, without appeal". [Id.].

A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer

irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Plaintiff is not entitled to a temporary restraining order or a preliminary injunction. First, to the extent Plaintiff generally seeks possession of the book, a claim based on the deprivation of his personal property is not actionable under § 1983 unless there is no adequate post-deprivation remedy available. See Parratt v. Taylor, 451 U.S. 527, 542 (1981), overruled on other grounds by 474 U.S. 327 (1986); Harris v. McMullen, 609 Fed. Appx. 704, 705 (3d Cir. 2015) (unpublished). Because North Carolina provides an adequate remedy by filing a common law claim for conversion of property, Plaintiff has failed to demonstrate the likelihood of success on the merits of such a claim.

Second, as to Plaintiff's claim based on denial of access to the courts, prisoners must have meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted).

The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353). Plaintiff has made no showing consistent with these requirements. The denial of a single legal reference book, which by Plaintiff's description seems may be a simple matter of the book being hardback and/or exceeding reasonable size limits, is not denial of access to the courts. Despite Plaintiff's vague claim that the book is "unique," he has not demonstrated the likelihood of success on the merits based on the denial of a single book, particularly where he has not shown any "prejudice with respect to contemplated or existing litigation." Casey, 518 U.S. at 349.

Third, Plaintiff also makes a vague claim to a First Amendment violation based on censorship. [Doc. 1 at 1]. Prisoners have a limited First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S.

401, 407 (1989). First Amendment rights in prison, however, “may be curtailed by prison officials under appropriate circumstances.” Corporal v. Pennington, No. DKC-20-3357, 2021 WL 3269084, at *6 (D. Md. July 30, 2021) (citation omitted). The Supreme Court has set out a four-factor test to determine the reasonableness of a prison regulation: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact of accommodation of the asserted constitutional right on guards and other inmates and on the allocation of prison resources generally; and (4) the availability of “ready alternatives” for furthering the governmental interest. Turner v. Safely, 482 U.S. 78, 89-90 (1987). Plaintiff has not shown that he would likely succeed on the merits of a First Amendment censorship claim under this standard. At best, Plaintiff was denied a single hardback, large-sized book about the law. There is no claim that Plaintiff has been or would be denied other legal books for use in his pending litigation. And there appears to be a legitimate penological reason to prevent inmates from possessing large-sized, hardback books. Namely, such books could easily be used as weapons. Moreover, there appears no ready alternative to prohibiting inmates from possessing potentially

dangerous objects. As such, Plaintiff has similarly failed to show a likelihood of success on the merits of his censorship claim.

Finally, Plaintiff asserts that Defendants violated his rights under the Fourteenth Amendment because they did not allow Plaintiff to appeal the disapproval of his book. "The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). As such, there is no likelihood of success on the merits of Plaintiff's Fourteenth Amendment claim.

Because Plaintiff has failed to demonstrate the likelihood of success on the merits based on any of his claims for relief, injunctive relief is not appropriate and the Court declines to consider the remaining elements to such a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Motion for Temporary Restraining Order [Doc. 4] is **DENIED**.

2. Plaintiff's Motion [Doc. 3] is **DENIED** as moot.

**IT IS SO ORDERED.**

Signed: September 21, 2021

Martin Reidinger
Chief United States District Judge