UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
5:21-cv-00135-MR

| | |
|---|---|
| COREY D. GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| J. DYE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 14] under 28 U.S.C. §§ 1915A and 1915(e), Plaintiff's "Request Case Authorities" [Doc. 8], and Plaintiff's Motion for Appointment of Counsel [Doc. 13]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 12].

## I. BACKGROUND

Pro se Plaintiff Corey D. Greene ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On September 7, 2021, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants J. Dye, identified as the interim Warden at Alexander; FNU Walker, identified as the

mailroom supervisor; FNU Ellison, identified as an officer working in the mailroom; and FNU Duncan, identified as the Deputy Warden in charge of supervision and discipline of correctional staff at Alexander. [Doc. 1 at 1-2]. Plaintiff sues Defendants in their individual and official capacities. [Id. at 2]. In short, Plaintiff claims he is being arbitrarily denied a legal book that he needs for pending litigation. [Doc. 1]. Plaintiff claims that Defendants violated his First Amendment rights by denying him access to the courts and through censorship and violated his Fourteenth Amendment due process rights by denying Plaintiff the ability to appeal the disapproval of his book. [Id. at 4].

With his Complaint, Plaintiff filed a motion for temporary restraining order in which Plaintiff asked the Court to enjoin Defendants from returning denied property to the sender or destroying it without the opportunity to appeal the denial. [Docs. 3, 4; see Doc. 1 at 5]. The Court denied Plaintiff's motion because Plaintiff showed no likelihood of success on the merits as to any of his claims. [Doc. 7].

Plaintiff has since filed an Amended Complaint in which he asserts essentially the same claims but purports to add claims based on the destruction of Plaintiff's property and the violation of North Carolina Department of Public Safety (NCDPS) Policy. Plaintiff also provides some

2

factual clarification. [Doc. 14]. In the Amended Complaint, Plaintiff alleges the following. While a segregation inmate, he ordered a book called "101 Things I Learned in Law School" for "pending/ongoing litigation." [Id. at 2, 4]. On August 19, 2021, after presumably not having received the book, Plaintiff wrote the mailroom about the book. [Id.]. The mailroom responded, advising Plaintiff that the book had been disapproved. [Id. at 3]. Plaintiff was not given a way to appeal the decision, so he wrote his "disapproval" on the notice form from the mailroom, "along with violations they were committing both policy and law." [Id.]. Plaintiff did not receive a response. [Id.]. Plaintiff also "began to write several officials concerning this policy error" because Plaintiff "knew that policy gave exemptions on legal and religious material due to size and/or hardbound censorship issues." [Id.].

Although mailroom staff avoided Plaintiff when entering the dorms, Plaintiff was able to speak with Defendant Walker. Walker told Plaintiff that she believed the book was not a law book, but also "admitted that she did not know the law." [Id. at 4]. Assistant Unit Manager Chris Bieker told Plaintiff that mailroom staff indicated that hardbound books are not sent to segregation and "that Plaintiff would get the book when [he] got back to the regular housing units." [Id. at 4].

For relief, Plaintiff seeks declaratory relief, injunctive relief requiring prison officials "to uphold DPS policy," and compensatory and punitive damages. [Id. at 5-6].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc.

Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A. Destruction of Property

A claim based on the deprivation of his personal property is not actionable under § 1983 unless there is no adequate post-deprivation remedy available. See Parratt v. Taylor, 451 U.S. 527, 542 (1981), overruled on other grounds by 474 U.S. 327 (1986); Harris v. McMullen, 609 Fed. Appx. 704, 705 (3d Cir. 2015) (unpublished). Plaintiff may bring his claim for the deprivation of his legal book in state court. As such, Plaintiff has failed to state a claim for relief based on the destruction of his legal book and it will be dismissed.

### B. Denial of Access to the Courts

Prisoners must have meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26,

2005), aff'd, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Plaintiff has not stated a claim for relief on this ground. The denial of a single legal reference book, which by Plaintiff's description seems a simple matter of the book being hardbound and/or exceeding reasonable size limits, particularly for a segregation inmate, is not denial of access to the courts. Plaintiff has not alleged, nor could the facts support, that a nonfrivolous legal claim has been frustrated by the denial of this single book. The Court will, therefore, dismiss this claim on initial review.

### C. Censorship

Prisoners have a limited First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). First Amendment rights in prison, however, "may be curtailed by prison officials under appropriate circumstances." Corporal v. Pennington, No. DKC-20-3357, 2021 WL 3269084, at *6 (D. Md. July 30, 2021) (citation omitted). The Supreme Court has set out a four-factor test to determine the reasonableness of a prison regulation: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact of accommodation of the asserted constitutional right on guards and other inmates and on the allocation of prison resources generally; and (4) the availability of "ready alternatives" for furthering the governmental interest. Turner v. Safely, 482 U.S. 78, 89-90 (1987).

Plaintiff's allegations here foreclose a First Amendment censorship claim. At best, Plaintiff was denied a single hardbound, large-sized book about the law. Moreover, there is a legitimate penological reason to prevent inmates from possessing large-sized, hardbound books. Namely, such books could easily be used as weapons. Plaintiff's allegations also show

that these restrictions are reasonable in that exceptions may be made for law and religious books for inmates in regular housing, but that segregation inmates are prevented from having large-sized and/or hardbound books. Plaintiff was advised that he would be allowed to have the book when he returned to regular housing. The Court will, therefore, also dismiss this claim on initial review for Plaintiff's failure to state a claim.

### D. Right to Grieve

Plaintiff asserts that Defendants violated his rights under the Fourteenth Amendment because they did not allow Plaintiff to appeal the disapproval of his book. "The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). As such, Plaintiff has also failed to state a claim for relief as to this claim and it will be dismissed.

### E. NCDPS Policy Violation

Plaintiff purports to state a claim for relief based on alleged violation of NCDPS Policy. Interestingly, Plaintiff's allegations seem to indicate that the policy was followed here. That is, Plaintiff was denied an exception for hardbound legal books because he is a segregation inmate. Even if prison policy were violated, however, in the denial of this particular legal book, there

8

is no cause of action under § 1983 for violation of policy.  Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. Jan. 9, 1992) ("[Section 1983] guarantees a person's *constitutional* rights against violation by state actors.  It does not provide any relief against prison rules violations assuming, *arguendo*, that such a violation occurred.") (emphasis in original).  The Court will, therefore, also dismiss this claim.

## IV. CONCLUSION

In sum, Plaintiff has not stated any claim for relief and his Amended Complaint will be dismissed on initial review.[1]  The Court will dismiss this action with prejudice because amendment would be futile and because Plaintiff already amended his complaint once after the Court's Order denying his motion for temporary restraining order, which set forth the requirements for Plaintiff's claims.  See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).  The Court will deny Plaintiff's "Request [for] Case Authorities" [Doc. 8] and Motion for Appointment of Counsel [Doc. 13] as moot.

---

[1] Plaintiff's claims against Defendants Dye and Duncan also necessarily fail because the doctrine of respondeat superior does not apply in actions brought under § 1983, see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978), and Plaintiff makes no allegations of personal participation against them.  These Defendants, therefore, would be dismissed on this ground in any event.

9

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Complaint [Doc. 14] fails initial review under 28 U.S.C. §§ 1915A and 1915(e) for Plaintiff's failure to state a claim and is **DISMISSED with prejudice**.

2. Plaintiff's motions [Docs. 8 and 13] are **DENIED** as moot.

3. The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: November 8, 2021

Martin Reidinger
Chief United States District Judge