# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:21-cv-00135-MR

| | |
|---|---|
| COREY D. GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| J. DYE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Doc. 17].

Pro se Plaintiff Corey D. Greene ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On September 7, 2021, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against several prison officials at Alexander. [Doc. 1 at 1-2]. On October 25, 2021, Plaintiff filed an Amended Complaint. [Doc. 14]. Plaintiff claimed that he is being arbitrarily denied a hardbound, large-sized legal book that he needs for pending litigation. [Doc. 1; Doc. 14]. Plaintiff claimed, in part, that Defendants violated his First Amendment rights through censorship. [Id. at 4; Doc. 14 at 4]. The Court dismissed this action on initial review of Plaintiff's Amended

Complaint under 28 U.S.C. § 1915(e)(2) for Plaintiff's failure to state a claim for relief. [Doc. 15]. As to the censorship claim in particular, the Court found that Plaintiff's allegations foreclosed relief under the First Amendment:

> At best, Plaintiff was denied a single hardbound, large-sized book about the law. Moreover, there is a legitimate penological reason to prevent inmates from possessing large-sized, hardbound books. Namely, such books could easily be used as weapons. Plaintiff's allegations also show that these restrictions are reasonable in that exceptions may be made for law and religious books for inmates in regular housing, but that segregation inmates are prevented from having large-sized and/or hardbound books. Plaintiff was advised that he would be allowed to have the book when he returned to regular housing.

[Id. at 7-8].

Plaintiff now moves, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for the Court to reconsider its Order dismissing his case. [Doc. 17]. As grounds for his motion, Plaintiff argues that the Court misapplied certain law related to Plaintiff's First Amendment censorship claim. Specifically, Plaintiff argues that the Court failed to assess whether the prison's "censorship rules" were "valid as applied – that is, whether a particular item was properly censored under them." [Id. at 2]. Plaintiff also acknowledges that "[s]ome of the facts were not clear in this claim" and also purports to clarify certain facts that he believes "may have been

misconstrued." [Id. at 3, 5].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law.

3

Plaintiff merely tries to correct or clarify certain previously known and available facts that may not have been very well presented to the Court in the first instance.[1] Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708.

The Court will, therefore, deny Plaintiff's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to alter or amend judgment [Doc. 17] is **DENIED**.

**IT IS SO ORDERED**.

Signed: December 2, 2021

Martin Reidinger
Chief United States District Judge

---

[1] The Court notes that, even as clarified, Plaintiff's factual allegations fail to state a claim for relief in any event.